IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EMAD SHAFQAT KHAN, | § | |
| (#A-046-078-832), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | MISCELLANEOUS NO. H-07-0073 |
| | § | |
| FEDERAL BUREAU OF | § | |
| INVESTIGATION, *et al.*, | § | |
| | § | |
| Defendants.[1] | § | |

## MEMORANDUM AND ORDER

The plaintiff, Emad Shafqat Khan (#A-046-078-832), has filed a petition for a hearing to determine his pending application for citizenship through naturalization. Citing delays by immigration officials, Khan asks the Court to adjudicate his pending application and grant him naturalization under 8 U.S.C. § 1447(b). After reviewing all of the pleadings, and the applicable law, the Court remands this case to United States Citizenship and Immigration Services ("CIS") for reasons set forth below.

**I.   BACKGROUND**

Khan, a native and citizen of Jordan, alleges that he was admitted to the United States as a lawful permanent resident on January 16, 1997. On or about September 15, 2003, Khan filed an N-400 Application for Naturalization with the CIS. On September 7, 2004, Khan

---

[1]   The defendants are the Federal Bureau of Investigation ("FBI"); FBI Director Robert Mueller; Secretary of the Department of Homeland Security Michael Chertoff; the United States Citizenship and Immigration Services ("CIS"); CIS Director Emilio T. Gonzalez; CIS District Director Sharon A. Hudson; and United States Attorney General Alberto Gonzales.

was interviewed in person by CIS Officer Gary Motes. At that time, Khan reportedly passed the requisite written tests of English and United States history. A decision on Khan's application for naturalization could not be made at that time, however, because the Federal Bureau of Investigation ("FBI") had not yet completed the mandatory national security background check, commonly referred to as the "FBI name check."

To date, Khan's national security background check has not been completed. Citing the lengthy delay that has elapsed since his personal interview with Officer Motes, Khan filed the pending petition for an adjudication of his pending naturalization application under 8 U.S.C. § 1447(b). For reasons discussed more fully below, the Court declines to adjudicate the pending application and elects, instead, to remand the petition to CIS with instructions that it be adjudicated promptly once Khan's background check is completed.

## II.  NATURALIZATION APPLICATIONS

Obtaining citizenship through naturalization is an administrative process that is heavily regulated by Congress. Congress, pursuant to an express mandate found in Article I, § 8 of the United States Constitution, has established a set of rules governing citizenship through naturalization. When an alien seeks to obtain the privileges and benefits of citizenship through naturalization, it is well settled that the burden is on the alien applicant to establish his eligibility in every respect. *See Berenyi v. District Director, INS*, 385 U.S. 630, 637 (1967). As such, the applicant must strictly comply with all congressionally imposed prerequisites to the acquisition of citizenship. *See INS v. Pangilinan*, 486 U.S. 875, 884 (1988); *Fedorenko v. United States*, 449 U.S. 490, 506 (1981). Any doubts regarding

eligibility for naturalization must be resolved in favor of the government and against the applicant. *See Berenyi*, 385 U.S. at 637; *see also United States v. Macintosh*, 283 U.S. 605, 626 (1931) ("The Naturalization Act is to be construed 'with definite purpose to favor and support the government,' and the United States is entitled to the benefit of any doubt which remains in the mind of the court as to any essential matter of fact.").

Under the applicable provisions of the Immigration and Nationality Act (the "INA") and the governing regulations, the general requirements for obtaining citizenship through naturalization specify that "[n]o person . . . shall be naturalized" unless the applicant meets the following criteria:

> (1) immediately preceding the date of filing his application for naturalization has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years . . .;
>
> (2) has resided continuously within the United States from the date of the application up to the time of admission to citizenship; and
>
> (3) during all the periods referred to in this subsection has been and still is a person of good moral character. . . .

8 U.S.C. § 1427(a). Subject to certain exceptions,[2] an applicant must demonstrate an understanding of the English language, including the ability to read, write, and speak words in ordinary usage. 8 U.S.C. § 1423(a)(1). An applicant must also demonstrate a knowledge and understanding of the fundamentals of history, and of the principles and form of the

---

[2] The English language requirements do not apply, for example, to persons who are over a certain age and have lived in the United States for a lengthy period of time subsequent to obtaining lawful permanent resident status. 8 U.S.C. § 1423(b)(2).

United States government. 8 U.S.C. § 1423(a)(2). Congress has also mandated background checks of each applicant for national security reasons. *See* Pub. L. No. 105-119, Title I, Nov. 26, 1997, 111 Stat. 2448, set forth in the historical and statutory notes to 8 U.S.C. § 1446.

Regulations governing naturalization establish several procedural requirements for an applicant seeking citizenship. An applicant for citizenship through naturalization must first submit a completed Form N-400 Application for Naturalization to CIS. *See* 8 C.F.R. § 334.2 (2006). Once an application for naturalization is filed, CIS "shall conduct an investigation of the applicant." 8 C.F.R. § 335.1. Once that investigation is completed, each applicant shall appear in person before a CIS officer designated to conduct "examinations" pursuant to 8 C.F.R. § 335.1. Prior to this meeting, designated by the regulations an "initial examination," the regulations require that a criminal background check be completed by the FBI to ascertain whether the applicant does or does not have an administrative or criminal record, or that the FBI cannot definitively respond because the necessary fingerprints analysis cannot be completed on the available information. *See* 8 C.F.R. § 335.2(b). The "examination" includes questioning by the officer about matters the applicant has included in the written submissions in addition tests administered to the applicant on English literacy and basic knowledge of the history and government of the United States. 8 C.F.R. § 335.2(c). "A decision to grant or deny the application shall be made at the time of the initial examination or within 120-days after the date of the initial examination of the applicant for naturalization under § 335.2." 8 C.F.R. § 335.3(a).

Khan had his interview on September 7, 2004, and he insists that he meets the criteria for citizenship through naturalization. To date, however, immigration officials have yet to make a determination on his application under 8 U.S.C. § 1446. Khan contends that his interview constitutes an "examination" and that, because of the extended delay, this Court has jurisdiction to determine his application under 8 U.S.C. § 1447(b), which provides as follows:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b). Because more than 120 days have passed since his interview, Khan asks this Court to assume jurisdiction and to adjudicate his pending application for naturalization pursuant to § 1447(b).

There has been somewhat of a split among the district courts regarding whether an applicant's interview with an immigration official constitutes an "examination" under § 1447(b), thereby triggering the 120-day period referenced in the statute.[3] One district court took an early position that the examination process does not end, and the 120-day period does not begin to run, until all aspects of the examination process are completed, including the FBI background investigation process. *See Danilov v. Aguirre*, 370 F. Supp. 2d 441, 444

---

[3] To date, it appears that no circuit court of appeals has addressed the jurisdictional issue.

(E.D. Va. 2005). Since the *Danilov* case issued, however, the vast majority of district courts have rejected that position in favor of finding that the interview date triggers the 120-day time period found in 8 U.S.C. § 1447(b). *See, e.g., Manzoor v. Chertoff*, — F. Supp. 2d —, 2007 WL 413227 (E.D. Va. Feb. 5, 2007); *Khelifa v. Chertoff*, 433 F. Supp. 2d 836, 840-41 (E.D. Mich. 2006); *El-Daour v. Chertoff*, 417 F. Supp. 2d 679, 681-82 (W.D. Pa. 2005); *Castracani v. Chertoff*, 377 F. Supp. 2d 71 (D.D.C. 2005); *Essa v. U.S. Citizenship and Immigration Services*, Civil No. 05-1449, 2005 WL 3440827 (D. Minn. Dec. 14, 2005) (unpublished); *Shalan v. Chertoff*, Civil No. 05-10980, 2006 WL 42143 (D. Mass Jan. 6, 2006) (unpublished); *Al-Kudsi v. Gonzales*, Civil No. 05-1584, 2006 WL 752556 (D. Or. March 22, 2006) (unpublished); *Daami v. Gonzales*, Civil No. 05-3667, 2006 WL 1457862 (D.N.J. May 22, 2006) (unpublished); *Meyersiek v. U.S. Citizenship and Immigration Service*, Civil No. 05-398, 2006 WL 1582397 (D.R.I. June 6, 2006) (unpublished); *Khan v. Chertoff*, Civil No. 05-560, 2006 WL 2009055 (D. Ariz. July 14, 2006) (unpublished); *Affaneh v. Hansen*, Civil No. 06-267, 2007 WL 295474 (S.D. Ohio Jan. 29, 2007) (unpublished); *Hussein v. Gonzales*, Civil No. 06-497-32, 2007 WL 328691 (M.D. Fla. Jan. 31, 2007) (unpublished).

Consistent with the overwhelming majority of district courts to address this issue, this Court interprets 8 U.S.C. § 1447(b) as providing that the "examination" occurs on the date of the applicant's interview, thereby triggering the 120-day determination period referenced in that statute. Because more than 120 days have passed since the applicant's interview in this case, the Court concludes that it has jurisdiction under § 1447(b). Federal court

jurisdiction is limited, however, by the plain terms of the statute, which conveys only the authority to determine whether the applicant is entitled to naturalization or to remand the matter to CIS for such a determination. 8 U.S.C. § 1447(b).

This Court declines to adjudicate the application for legal and practical reasons that concern the nature and conduct of naturalization investigations. As noted above, an applicant is not eligible for naturalization until the mandatory national security background checks have been completed. 8 U.S.C. § 1446; *see* 8 C.F.R. § 335.2(b). As another district court has recently articulated, "[f]ederal courts are not equipped to conduct background checks of naturalization applicants." *Manzoor v. Chertoff*, — F. Supp. 2d —, —, 2007 WL 413227, *7 (E.D. Va. Feb. 5, 2007). The naturalization enquiry, which necessarily includes the need to interpret the results of the requisite background check, has been entrusted by Congress to CIS. *See id.* "Just as the 'name check' and 'fingerprint check' are best left to the FBI, the review of the results of the mandatory background checks and any follow-up questioning of an applicant are best left to CIS." *Id.*

The enormous number of name checks submitted to the FBI also counsels against judicial intervention in a case such as this one. The CIS is unable to complete its adjudication of the application because the FBI's investigation has been delayed by the sheer volume of name check submissions received. *See id*. at 2007 WL 413227, *2 (reporting that the FBI processed more than 3.4 million name checks in fiscal year 2006).[4]

---

[4] It may be that additional funding by Congress or other adjustments to the criminal
(continued...)

A majority of courts to consider petitions such as the one filed by Khan in this case have elected to remand the matter to CIS with instructions that it promptly adjudicate the plaintiff's application upon receipt of the completed national security background check. *See id.*, 2007 WL 413227, *8 (collecting cases); *see also Eng v. Chertoff*, Civil Action No. H-06-1302, 2006 WL 2442894 (S.D. Tex. Aug. 21, 2006) (remanding to CIS). This Court will follow suit and remand the case to CIS with instructions for a prompt administrative determination on the plaintiff's naturalization application after his background check has been completed.

### III.  CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The petition for a hearing on the plaintiff's naturalization application under 8 U.S.C. § 1447(b) is **DENIED**.

2. This case is **REMANDED** to CIS with the following instructions: CIS shall make an administrative decision on the plaintiff's pending naturalization application as expeditiously as possible once the plaintiff's background check has been completed.

3. This miscellaneous case is **DISMISSED** with prejudice to re-filing if necessary.

---

[4](...continued)
    background screening process is necessary.

The Clerk will provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to United States CIS Associate Regional Counsel Pauline Applebaum, 126 Northpoint Drive, Room 2005, Houston, TX 77060, and to United States Department of Homeland Security, District Director Sharon Hudson, 126 Northpoint Drive, Houston, TX 77060.

SIGNED at Houston, Texas on March 6, 2007.

_____
Nancy F. Atlas
United States District Judge